PENNY LYNN HILL, FOR HERSELF AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS v. LOUIS BECHTEL, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE GUILFORD COUNTY DEPARTMENT OF SOCIAL SERVICES, AND JOHN HAMRICK, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE BOARD OF THE DEPARTMENT OF SOCIAL SERVICES OF GUILFORD COUNTY, A CORPORATION, AND THE N.C. DEPARTMENT OF HUMAN RESOURCES, DEFENDANTS-APPELLEES

No. 9018SC1242

(Filed 7 July 1992)

## Social Security and Public Welfare § 1 (NCI3d) — food stamps — denial of expedited processing — written notice

A food stamp worker's determination that a food stamp applicant was ineligible for expedited processing of her application constituted a "denial" of expedited processing, and federal regulations impliedly require written notice of the denial of expedited processing so that the applicant may choose to exercise the right to an agency conference if the applicant so desires.

**Am Jur 2d, Welfare Laws § 26.**

APPEAL by plaintiffs from Order entered 3 October 1990 by *Judge I. Beverly Lake, Jr.*, in GUILFORD County Superior Court. Heard in the Court of Appeals 6 June 1991.

*Central Carolina Legal Services, by Stanley B. Sprague and Sorien K. Schmidt, for plaintiff appellants.*

*County Attorney Jonathan V. Maxwell and Deputy County Attorney Lynne G. Schiftan for Louis Bechtel and John Hamrick, defendant appellees.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robert J. Blum, for North Carolina Department of Human Resources, respondent appellee.*

COZORT, Judge.

On 18 April 1990, plaintiff Penny Lynn Hill applied for food stamps at the High Point office of the Guilford County Department of Social Services ("DSS"). Ms. Hill stated in her application that she had no property and only $3.00 cash on hand, that her only source of income was $50.00 per week child support paid to her by her estranged husband, and that her monthly apartment rent was $139.00 per month.

The food stamp worker determined that plaintiff was eligible for food stamps and began the processing of plaintiff's application through regular channels. Processing is usually completed within 25 days. The food stamp worker screened the application to determine whether plaintiff was eligible for expedited service, which would reduce processing time to five days. The worker did not inform plaintiff, either orally or in writing, that she had been screened for expedited servicing and was deemed ineligible for the accelerated process.

On 7 May 1990, plaintiff filed a suit against the Director of the Guilford County DSS and the Chairman of the Board of the DSS of Guilford County. Plaintiff requested an injunction directing defendants to process plaintiff's application immediately. She also requested an injunction directing defendants to establish policies to send written notices to all food stamp applicants who are denied expedited processing. She further asked that the action be treated as a class action.

The next day plaintiff requested and received a conference at the DSS. She provided additional information to the agency about her food stamp application, notifying the agency that the $50.00 per week child support referred to in her application was the amount ordered by the court; her estranged husband seldom

paid her. Based on this additional information, the agency determined that plaintiff was entitled to expedited processing. Plaintiff began receiving food stamps on 10 May 1990.

On 22 June 1990, plaintiff amended her complaint to add the North Carolina Department of Human Resources as a defendant. After responsive pleadings were filed by all defendants, plaintiff filed a motion for summary judgment on 29 August 1990 and, on 5 September 1990, a motion to certify the class of plaintiffs. Defendants moved to dismiss the action. All motions came on for hearing at the 1 October 1990 Session of Guilford County Superior Court. After considering affidavits and other discovery matters, the trial court treated defendants' motions to dismiss as motions for summary judgment and granted summary judgment for all defendants, dismissing the action in its entirety. Plaintiffs appeal. For reasons which follow, we reverse.

In urging us to overturn the trial court's decision, plaintiff argues: (1) the food stamp worker's determination that plaintiff was ineligible for expedited processing constituted a "denial" of expedited processing; (2) federal regulations "imply" written notification of a denial of expedited processing and the right to an agency hearing; (3) "due process" requires notification of the right to an agency conference in this case; and (4) the trial court should have certified the class action. We agree with plaintiff's first two contentions.

The applicable federal regulations are found at 7 C.F.R. § 273 (1992). These regulations specifically detail each state's duty in complying with the Federal Food Stamp Act of 1964. Section 273.15(a) provides:

(a) *Availability of hearings*. Except as provided in § 271.7(f), each State agency shall provide a fair hearing to any household aggrieved by any action of the State agency which affects the participation of the household in the Program.

Section 273.15(d) provides:

(d) *Agency conferences*. (1) The State agency shall offer agency conferences to households which wish to contest a denial of expedited service under the procedures in § 273.2(i). The State agency may also offer agency conferences to households adversely affected by an agency action. The State agency shall advise households that use of an agency conference is optional

and that it shall in no way delay or replace the fair hearing process. The agency conferences may be attended by the eligibility supervisor and/or the agency director, and by the household and/or its representative. An agency conference may lead to an informal resolution of the dispute. However, a fair hearing must still be held unless the household makes a written withdrawal of its request for a hearing.

(2) An agency conference for households contesting a denial of expedited service shall be scheduled within 2 working days, unless the household requests that it be scheduled later or states that it does not wish to have an agency conference.

\* \* \* \*

Section 273.15(f) states:

(f) *Notification of right to request hearing.* At the time of application, each household shall be informed in writing of its right to a hearing, of the method by which a hearing may be requested, and that its case may be presented by a household member or a representative, such as a legal counsel, a relative, a friend or other spokesperson. In addition, at any time the household expresses to the State agency that it disagrees with a State agency action, it shall be reminded of the right to request a fair hearing. If there is an individual or organization available that provides free legal representation, the household shall also be informed of the availability of that service.

Plaintiff concedes that these regulations do not expressly provide that the State must notify an applicant that he or she has been denied expedited processing. Plaintiff asks the court to "imply" that such a notice requirement exists and cites *Harley v. Lyng*, 653 F. Supp. 266 (E.D. Pa. 1986). We find the reasoning in *Harley* applicable here. In *Harley*, the Pennsylvania Department of Public Welfare ("DPW") had responded to large numbers of applications for food stamps by setting a maximum number of applications which would be considered in a day, setting arbitrary cut-off times, requiring prearranged appointments, requiring some applicants to take applications home and mail them in, and a host of other practices which denied applicants' rights to food stamps and to expedited processing. *Id.* at 270-72. To remedy these problems, the court ordered, among other things, that the DPW must ensure that

food stamp applicants are advised when they are denied expedited issuance, to allow applicants to decide whether they wish to request an informal agency conference, an administrative fair hearing, or both, and food stamp offices offer to hold informal agency conferences within two (2) working days with supervisory staff and applicants where applicants wish to contest the denial of expedited issuance. (7 C.F.R. 273.15(d).)

*Id.* at 282.

We find the court's reasoning in *Harley* persuasive. All the evidence below indicates that the regulations were technically followed and that the decisions made were correct, based on the information provided. Nonetheless, we find the regulations "imply" a requirement of written notice to those applicants denied expedited service.

As established by 7 C.F.R. § 273.15(i)(2), all applications are to be screened when filed to determine whether the household is eligible for expedited service. To be eligible for expedited service, the household must fall within one of four categories:

(i) Households with less than $150 in monthly gross income, as computed in § 273.10 provided their liquid resources (i.e., cash on hand, checking or savings accounts, savings certificates, and lump sum payments as specified in § 273.9(c)(8) ) do not exceed $100;

(ii) Migrant or seasonal farmworker households who are destitute as defined in § 273.10(e)(3) provided their liquid resources (i.e., cash on hand, checking or savings accounts, savings certificates, and lump sum payments as specified in § 273.9(c)(8) ) do not exceed $100;

(iii) Eligible households in which all members are "homeless individuals" as defined in § 271.2; or

(iv) Eligible households whose combined monthly gross income and liquid resources are less than the household's monthly rent or mortgage, and utilities.

7 C.F.R. § 273.2(i)(1) (1992). Plaintiff stated in her 18 April 1990 application that she received $50.00 per week child support, more than $150.00 gross income per month. Plaintiff thus was not eligible for expedited service under subsection (i), nor was plaintiff eligible under any of the other subsections. When plaintiff supplemented

her application with information that she did not actually receive $50 per month, she was immediately declared eligible for expedited servicing. We cannot distinguish between "ineligibility" and "denial." The plain meaning of both "ineligible" and "denial" is that of negative qualification. We thus interpret an "ineligible" applicant to be a "denied" applicant.

Next we address whether written notice of the denial of expedited service is required by the regulations. We read the regulations as requiring written notice of denials of expedited service, in addition to complete denials of food stamp applications. Section 273.15(d) provides an agency conference to all households who wish to contest a denial of expedited service. While this section does not detail how notice is to be given, section 273.10(g)(ii) provides:

> (ii) *Notice of denial.* If the application is denied, the State agency shall provide the household with written notice explaining the basis for the denial, the household's right to request a fair hearing, the telephone number of the food stamp office, . . . and, if possible, the name of the person to contact for additional information.

7 C.F.R. § 273.15(f) (1992). Furthermore, section 273.15(f) provides that at the time of application, each household shall be informed in writing of its right to request a hearing any time that household disagrees with a state agency action. Sections 273.15(d), 273.10(g)(ii), and 273.15(f) taken together provide to a household denied expedited service the right to a hearing and the right to receive notice of denial of the application. It is illogical to provide an applicant who has been denied expedited service the right to an agency conference, and yet not provide some way of notifying the applicant that he or she had been denied. Our position mirrors the rationale employed by the court in *Harley. See also, Robertson v. Jackson,* 766 F. Supp. 470, 477 (E.D. Va. 1991). We thus interpret these regulations to require written notice of the denial of expedited service so that the applicant may choose to exercise the right to an agency conference if the applicant so wishes.

The process does not require more from the state than the procedures currently in force. Presently, when an applicant applies for food stamps, a caseworker makes a preliminary decision as to whether that applicant is entitled to expedited service. The appropriate response is then marked on the application. Should the caseworker decide the applicant is not entitled to expedited

service, the caseworker merely must give the applicant a copy of the application with the "ineligible" box marked and with appropriate boxes checked detailing the reason(s) applicant did not qualify for expedited service. The applicant then may request any applicable conference or hearing.

We hold that the trial court erred by failing to grant plaintiff's request for an order directing defendants to provide written notice of a denial of expedited processing and the right to a conference within two working days of such denial. The case is remanded for entry of an appropriate order. With our having decided this issue in plaintiff's favor, we need not address plaintiff's other arguments.

Reversed and remanded.

Judges ORR and WYNN concur.