Reade J.
 

 The first exception to his Honor’s charge was properly abandoned in this court, as there was no evidence to which it was applicable.
 

 
 *452
 
 The second exception is liable to the samé objection, and to the further objection that, while his Honor did not give the charge upon the abstract proposition as asked, yet he did give such a charge as fitted the evidence.
 

 The evidence was that the prisoner had been told a few days before that the laudanum was a poison. We may suppose that she also knew that it was a medicine, but that there was no occasion to use it as a medicine, inasmuch as the child was in good health, and no laudanum had ever been given to it. She must have poured the poison out of the vial into the child’s mouth, as there was no cup or spoon. When the mother ran into the room when she heard the child’s scream, the prisoner was standing, with the child in her arms, near the vial, which had just been set down uncorked, the liquid
 
 being
 
 still in motion. The poison was in the child’s mouth and upon its clothes. The prisoner tried to drown the child’s scream, and when the mother charged her with giving the child laudanum, she denied it, saying, she had been only smelling it and spilt it on the child. She knew it was poison. She knew poison would kill. She poured it down the child’s throat, and attempted to conceal what she had done by a falsehood. There was not a single fact in the case tending to show that the prisoner did not know that it was poison; or, that she did not intend the reasonable consequence of her act. How could his Honor leave it to the jury to
 
 suppose
 
 that she did not intend it? If A deliberately point his gun at B, and discharge it and kill him, could his Honor charge the jury that if he did not intend to kill, he would not be guilty? When an act is proved, and there is
 
 no evidence
 
 of accident, the question of accident cannot be left to the jury any more than any other fact upon which there is no evidence.
 

 His Honor charged substantially, that if the prisoner knew that it was poison, and that it was likely to kill, and gave it under the circumstances detailed, and it did. kill, she
 
 *453
 
 was guilty. We think this gave the prisoner the benefit of «very consideration to which she was entitled. The proof was that she knew it was poison; that there was no reason why she should have given it as a medicine, she did not pretend that she had so given it, but denied that she had given it at all. The reasonable consequence was killing; it did kill; there was
 
 no
 
 evidence that she did not intend to kill; and therefore it must be taken that she did intend to kill. There is no error.
 

 Let this be certified, &c.
 

 Per Curiam. No error.