STATE OF NORTH CAROLINA v. RODRICUS LAMONT BRIGHT

No. COA99-496

(Filed 19 October 1999)

**Sentencing— structured—plea agreement—aggravating range—necessary written findings**

    The trial court erred in sentencing defendant, who entered a plea of guilty for assault with a deadly weapon inflicting serious injury, in the aggravating range even though the plea agreement gave the trial court discretion in sentencing because N.C.G.S. § 15A-1340.16(b) and (c) requires the trial court to make the necessary written findings before deviating from the presumptive sentence of Structured Sentencing.

    Appeal by defendant from judgment entered 5 August 1998 by Judge David Q. LaBarre in Durham County Superior Court. Heard in the Court of Appeals 27 September 1999.

    *Attorney General Michael F. Easley, by Associate Attorney General Christopher W. Brooks, for the State.*

    *Daniel Shatz for defendant-appellant.*

McGEE, Judge.

    Defendant was charged with assault with a deadly weapon with intent to kill, inflicting serious injury. Pursuant to a plea agreement, defendant pled guilty to the lesser included offense of assault with a deadly weapon inflicting serious injury. The plea agreement provided that he would receive a Class E, level I sentence in the trial court's discretion. Accordingly, on 5 August 1998, the trial court sentenced defendant to thirty-one to forty-seven months' imprisonment, which was in the aggravated range for a Class E felony with a prior record level I. Defendant appeals.

    The issue before our Court is whether the trial court must make written findings supporting its sentence when imposing a sentence in the aggravated range, where the plea agreement gave the trial court discretion in sentencing. This is a case of first impression, and therefore we will first look to the statute itself in addressing this issue.

    The Fair Sentencing Act (Fair Sentencing) was repealed and replaced by the Structured Sentencing Act (Structured Sentencing),

which applies to all crimes committed on or after 1 October 1994. N.C. Gen. Stat. § 15A-1340.10 (1997). As defendant was found guilty of and sentenced for a crime occurring after 1 October 1994, Structured Sentencing controls. Under Structured Sentencing, the trial court is required to evaluate the defendant's criminal history to determine the defendant's prior record level. N.C. Gen. Stat. § 15A-1340.13(b) (1997). The trial court must then determine the minimum term of imprisonment to which the defendant may be sentenced. N.C. Gen. Stat. § 15A-1340.13(c) (1997). The trial court has discretion to determine whether the defendant will be sentenced to a minimum term of imprisonment from the mitigated, presumptive, or aggravated range. N. C. Gen. Stat. § 15A-1340.13(c), (e) (1997). When the court does exercise its discretion to deviate from the presumptive range, the court must make written findings of aggravation and mitigation, and weigh the aggravating and mitigating factors to determine the defendant's sentence. N.C. Gen. Stat. § 15A-1340.16(b), (c) (1997).

In the case before us, defendant's plea agreement with the State provided that he would plead guilty and receive a Class E, level I sentence "in the discretion of the court." The trial court exercised that discretion and sentenced defendant within the aggravated range, but without making the necessary written findings as required by section 15A-1340.16(b) and (c). The trial court indicated on the judgment that the court "impose[d] the prison term pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A[,]" which provides procedures relating to guilty pleas in superior court.

We are aware that Fair Sentencing, like Structured Sentencing, required written findings upon deviation from the presumptive sentence. However, Fair Sentencing provided an exception to that requirement if the court "impose[d] a prison term pursuant to any plea arrangement as to sentence." N.C. Gen. Stat. § 15A-1340.4(a), (b) (repealed effective 1 October 1994); *see also State v. Williams,* 116 N.C. App. 354, 447 S.E.2d 437, *disc. review denied,* 338 N.C. 523, 452 S.E.2d 823 (1994); *State v. Washington,* 116 N.C. App. 318, 447 S.E.2d 799 (1994) (recognizing exception, under now repealed Fair Sentencing, to the requirement for written findings so long as prison term was pursuant to a plea arrangement). The General Assembly specifically excluded such an exception in repealing Fair Sentencing and enacting Structured Sentencing. Thus, absent clear legislative intent to the contrary, we must presume that the General Assembly acted to abrogate the exception to the requirement for written find-

ings in cases decided under Structured Sentencing. *See Investors, Inc. v. Berry*, 293 N.C. 688, 695, 239 S.E.2d 566, 570 (1977) ("[I]t is always presumed that the Legislature acted with full knowledge of prior and existing law."); *State v. Blackstock*, 314 N.C. 232, 240, 333 S.E.2d 245, 250 (1985) (noting that in construing a statute that has been repealed or amended, it may be presumed that the legislature intended either to change the substance of the original act or to clarify the meaning of the statute).

As Structured Sentencing provides specifically and without exception that a trial court must make written findings when deviating from the presumptive sentence, we conclude, as the State concedes in its brief, that the trial court erred in imposing an aggravated sentence upon defendant without doing so. Accordingly, this matter must be remanded for resentencing.

Remanded for resentencing.

Judges HORTON and SMITH concur.