TIMMONS-GOODSON, Judge.
Steven Matthew McClinton ("defendant")was charged with two counts of robbery with a dangerous weapon in connection with the 7 May 2002 robbery of the Kentucky Fried Chicken restaurant located on West Market Street in Greensboro, North Carolina. Defendant pled guilty pursuant to a plea agreement to one count of robbery with a dangerous weapon. In accordance with the plea agreement the other count of robbery with a dangerous weapon was dismissed, and the trial court sentenced defendant to a presumptive term of 72-96 months imprisonment. Defendant appeals.
Defendant's sole argument on appeal is that the trial court erred in sentencing him outside of the presumptive range withoutfinding the necessary aggravating factors. This argument is wholly without merit.
In the instant case, defendant was convicted of robbery with a dangerous weapon, a Class D felony. The trial court determined, without objection, that defendant had one prior conviction, which resulted in his being a prior record level II offender. The trial court sentenced defendant to a minimum of 72 months and a maximum of 96 months imprisonment.
The minimum and maximum sentences for a particular offense is controlled by G.S. § 15A-1340.17(c) and G.S. § 15A-1340.17(e). The minimum presumptive sentence for a Class D felony committed by a level II offender is anywhere from 61 months to 77 months. See N.C. Gen. Stat. § 15A-1340.17(c)(2001). Defendant was then properly sentenced to a presumptive minimum term of 72 months, which is well within the 61-77 month range of sentences set out in G.S. § 15A-1340.17(c). The corresponding maximum term for a 72 month minimum sentence is 96 months. See N.C. Gen. Stat. § 15A-1340.17(e). Contrary to defendant's argument, the record shows that he was sentenced in the presumptive range of sentences. The trial court was, therefore, not required to make any written findings in aggravation. See State v. Bright, 135 N.C. App. 381, 520 S.E.2d 138 (1999) (requiring the trial court to make written findings in mitigation and/or aggravation when deviating from the presumptive range of sentences).
Having so concluded, the judgment of the trial court, entered upon defendant's guilty plea, is affirmed. Affirmed.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).