STATE OF NORTH CAROLINA v. DEMONTRISE ANTWAN DAVIS

No. COA08-1275

(Filed 4 August 2009)

**1. Constitutional Law— double jeopardy—felony death by vehicle and involuntary manslaughter—different elements**

Felony death by vehicle and involuntary manslaughter require proof of an unintentional killing, but do not have the same elements. Felony death by vehicle is restricted to deaths proximately caused by driving while impaired, while involuntary manslaughter is not so restricted. A 1988 Court of Appeals case to the contrary did not follow precedent, and Supreme Court cases set out different lists of elements for each offense.

**2. Sentencing— involuntary manslaughter and felony death by vehicle—sentencing for both—statutory prohibition**

Under N.C.G.S. § 20-141.4(c), a defendant may not be sentenced for both involuntary manslaughter and felony death by vehicle arising from the same death.

**3. Sentencing— felony death by vehicle and driving while impaired—lesser included offense**

The trial court erred by sentencing defendant for both felony death by vehicle and driving while impaired. Driving while impaired is a lesser included offense of felony death by vehicle.

**4. Appeal and Error— preservation of issues—no objection at trial—no assignment of plain error**

Defendant did not object at trial or assign plain error and did not preserve for appellate review an issue concerning a *lapsus linguae* in an instruction on the defense of accident.

**5. Criminal Law— unanimous verdict—culpable negligence established by DWI—disjunctive instruction on other violations**

Defendant's culpable negligence was established by the jury's unanimous verdict of guilty by DWI, and the trial court's instruction allowing the jury to consider several possible motor vehicle violations did not violate defendant's right to a unanimous verdict.

**6. Homicide— second-degree murder—lesser included offense—underlying traffic violations not specified**

Defendant was not denied a fair trial for second-degree murder where he contended that the second-degree murder indictment did not specify the traffic violations that might be used to prove the culpable negligence element of the lesser included offense of involuntary manslaughter.

Appeal by Defendant from judgment entered 26 February 2008 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 April 2009.

*Attorney General Roy Cooper, by Special Counsel Isaac T. Avery, III, for the State.*

*Parish, Cooke & Condlin, by James R. Parish, for Defendant.*

**STATE v. DAVIS**

[198 N.C. App. 443 (2009)]

BEASLEY, Judge.

Defendant (Demontrise Davis) appeals from judgments entered on his convictions of driving while impaired, involuntary manslaughter, and felony death by vehicle. We find no reversible error in the individual convictions, but remand for further proceedings in light of our holdings that (1) Defendant may not be convicted of both involuntary manslaughter and felony death by vehicle arising from the same death, and; (2) Defendant may not be sentenced for both felony death by vehicle and DWI arising from the same incident.

On 8 February 2006, at approximately 3:00 a.m., the Defendant was driving west on Freedom Drive, in Charlotte, North Carolina. His car struck an eastbound vehicle operated by Kerry Moses, who died of injuries suffered in the collision. In May 2006 Defendant was indicted for second-degree murder, felony death by vehicle, and driving while impaired. He was tried before a Mecklenburg County jury in February 2008.

At the time of the collision Defendant was driving while impaired by alcohol, and Defendant violated other motor vehicle laws by driving above the legal speed limit, driving on the left of the highway's center line, and passing in a no-passing zone. Following the presentation of evidence, Defendant was convicted of felony death by vehicle, involuntary manslaughter, and driving while impaired. The trial court imposed consecutive prison sentences of 24 to 29 months for involuntary manslaughter, 19 to 23 months for felony death by vehicle and 12 months for impaired driving. From these judgments and convictions, Defendant appeals.

---

[1] Defendant argues first that the trial court erred by sentencing him for both involuntary manslaughter and felony death by vehicle. Defendant asserts that this double punishment violates his right to be free of double jeopardy, and his statutory rights under N.C. Gen. Stat. § 20-141 (2007). We agree.

The Double Jeopardy Clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. North Carolina's " 'law of the land' clause incorporates similar protections under the North Carolina Constitution." *State v. Ballenger*, 123 N.C. App. 179, 180, 472 S.E.2d 572, 573 (1996) (citing N.C. Const. art. I, § 19). "The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and

(3) multiple punishments for the same offense." *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986) (citations omitted).

Defendant first asserts that the elements of involuntary manslaughter and felony death by vehicle are "identical," making them the "same offense." Defendant misstates the law in this regard.

Involuntary manslaughter is a common law offense. "The elements of involuntary manslaughter are: (1) an unintentional killing; (2) proximately caused by either (a) an unlawful act not amounting to a felony and not ordinarily dangerous to human life, or (b) culpable negligence." *State v. Hudson*, 345 N.C. 729, 733, 483 S.E.2d 436, 439 (1997) (citations omitted). The element of culpable negligence has been defined as " 'such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others.' " *State v. Weston*, 273 N.C. 275, 280, 159 S.E.2d 883, 886 (1968) (quoting *State v. Cope*, 204 N.C. 28, 30, 167 S.E. 456, 458 (1933)).

" 'An intentional, wilful or wanton violation of a statute, . . . designed for the protection of human life or limb, which proximately results in injury or death, is culpable negligence.' " *State v. Jones*, 353 N.C. 159, 165, 538 S.E.2d 917, 923 (2000) (quoting *State v. McGill*, 314 N.C. 633, 637, 336 S.E.2d 90, 92-93 (1985) and *Cope*, 204 N.C. at 31, 167 S.E. at 458). Further, "N.C.G.S. § 20-138.1, which prohibits drivers from operating motor vehicles while under the influence of impairing substances, is a safety statute designed for the protection of human life and limb and . . . its violation constitutes culpable negligence as a matter of law." *Jones*, 353 N.C. at 165, 538 S.E.2d at 923 (citing *McGill*, 314 N.C. at 637, 336 S.E.2d at 93).

However, in a prosecution for involuntary manslaughter the element of culpable negligence need not involve motor vehicle law or a traffic accident. *See, e.g., State v. Powell*, 336 N.C. 762, 763, 446 S.E.2d 26, 26-27 (1994) (finding no error where "jury found defendant guilty of involuntary manslaughter based on culpable negligence by leaving dogs unattended . . . in violation of [§] 3-18 of the Winston-Salem Code"); *In re Z.A.K.*, 189 N.C. App. 354, 358, 657 S.E.2d 894, 896 (2008) (culpable negligence found in juvenile's "failure to aid [victim] after providing her with [drugs] and undertaking to provide aid").

Unlike involuntary manslaughter, the offense of felony death by vehicle is a statutory offense which was created in 1983. *See* N.C. Gen. Stat. § 20-141.4(a1) (2007). "The elements of felony death by

vehicle are: (1) defendant unintentionally causes the death of another; (2) while driving impaired as defined by N.C. Gen. Stat. §§ 20-138.1 or 20-138.2 [(2007)]; and (3) the impairment was the proximate cause of the death." *State v. Bailey*, 184 N.C. App. 746, 748, 646 S.E.2d 837, 839 (2007) (citing N.C. Gen. Stat. § 20-141.4(a1)).

Both felony death by vehicle and involuntary manslaughter require proof of an unintentional killing. Where a defendant is charged with involuntary manslaughter and it is alleged that his culpable negligence consists of driving while impaired, the same evidence might support a conviction of either felony death by vehicle or involuntary manslaughter. However, the two offenses do not have the same elements. Felony death by vehicle is restricted to deaths proximately caused by driving while impaired, but the culpable negligence element of involuntary manslaughter need not consist of driving while impaired. Nor is there a separate offense of "involuntary manslaughter by driving while impaired." The impaired driving is simply the evidence of culpable negligence. North Carolina uses a definitional test to determine whether two offenses have the same elements. *State v. Weaver*, 306 N.C. 629, 635, 295 S.E.2d 375, 378 (1982), *overruled on other grounds by State v. Collins*, 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993) ("We do not agree . . . that the facts of a particular case should determine whether one crime is a lesser included offense of another. Rather, the definitions accorded the crimes determine whether one offense is a lesser included offense of another crime.").

We are aware that a 1988 case held that "the offense of felony death by vehicle requires the identical essential elements to those required for a conviction of involuntary manslaughter predicated on a violation of G.S. 20-138.1[.]" *State v. Williams*, 90 N.C. App. 614, 621, 369 S.E.2d 832, 837 (1988). We are also aware that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

However, "our responsibility is to follow established precedent set forth by our Supreme Court." *Brundage v. Foye*, 118 N.C. App. 138, 141, 454 S.E.2d 669, 671 (1995) (citations omitted). The opinions of the Supreme Court of North Carolina have uniformly set out a different list of elements for each offense. For example, in *Jones*, 353 N.C. at 169, 538 S.E.2d at 925-26, the Court stated that under N.C. Gen.

Stat. § 20-141.4(a1), " '[a] person commits the offense of felony death by vehicle if he unintentionally causes the death of another person while engaged in the offense of impaired driving . . . and commission of that offense is the proximate cause of death.' " (quoting N.C. Gen. Stat. § 20.141.4) In *Hudson*, the Court stated that "[t]he elements of involuntary manslaughter are: (1) an unintentional killing; (2) proximately caused by either (a) an unlawful act not amounting to a felony and not ordinarily dangerous to human life, or (b) culpable negligence." *Hudson*, 345 N.C. at 733, 483 S.E.2d at 439 (citing *McGill*, 314 N.C. at 637, 336 S.E.2d at 92). Such cases unequivocally establish that these offenses have different elements.

Moreover, *Williams* contradicts many decades of controlling precedent, as the common-law definition of involuntary manslaughter has been essentially unchanged for at least a century. *See, e.g., State v. Vic. Limerick*, 146 N.C. 649, 651, 61 S.E. 568, 569 (1908) ("if the prisoner was . . . guilty of culpable negligence in the way he handled and dealt with the gun, and by reason of such negligence the gun was discharged, causing the death of deceased, . . . the prisoner would be guilty of manslaughter"); *State v. Barnard*, 88 N.C. 661, 664 (1883) ("if workmen throw stones, rubbish, or other things from a house . . . by which a person underneath is killed, if they look out and give timely warning beforehand to those below, it will be accidental death; if without such caution, it will amount to manslaughter. . . . It was a lawful act, but done in an improper manner"); *State v. Leak*, 61 N.C. 450 (1868) (if the defendant "gave the [child] laudanum . . . [but] did not know the character of the laudanum as a poison, etc., it would be no more than manslaughter"). And, since the advent of the automobile, the law of involuntary manslaughter has been applied much as it is today:

> The common-law definition of involuntary manslaughter includes unintentional homicide resulting from . . . the performance of a lawful act done in a culpably negligent manner[.] . . . The definition is material in its bearing upon the criminal responsibility of a person who kills another in the breach of a statute intended and designed to prevent the infliction of personal injury[.] . . . The law of involuntary manslaughter has been applied to cases in which injury or death resulted from the collision of motor vehicles operated in violation of a statute designed to secure personal safety.

*State v. Stansell*, 203 N.C. 69, 71-72, 164 S.E. 580, 581 (1932) (citing *State v. Satterfield*, 198 N.C. 682, 153 S.E. 155 (1930)).

We conclude that, in its holding that felony death by vehicle and involuntary manslaughter had the same elements, the *Williams* Court failed to follow binding precedent. "[B]ecause [*Williams*] is inconsistent with prior decisions of this Court and our Supreme Court, we decline to follow it." *Cissell v. Glover Landscape Supply*, 126 N.C. App. 667, 670 fn.1, 486 S.E.2d 472, 73 fn.1 (1997), *rev'd on other grounds*, 348 N.C. 67, 497 S.E.2d 283 (1998)(this Court has responsibility to follow Supreme Court decisions "until otherwise ordered by the Supreme Court"). Accordingly, we conclude that controlling precedent establishes that felony death by vehicle and involuntary manslaughter do not have the same elements.

[2] We next determine whether Defendant may properly be sentenced for both offenses.

> For decades, the Supreme Court of the United States has applied what has been called the *Blockburger* test in analyzing multiple offenses for double jeopardy purposes. . . . "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." If what purports to be two offenses is actually one under the *Blockburger* test, double jeopardy prohibits prosecution for both.

*State v. Ezell*, 159 N.C. App. 103, 106-07, 582 S.E.2d 679, 682 (2003) (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 309 (1932)).

"However, as the Supreme Court made clear in *Missouri v. Hunter*, double jeopardy does not prohibit multiple punishment for two offenses—even if one is included within the other under the *Blockburger* test—if both are tried at the same time and the legislature intended for both offenses to be separately punished." *Ezell*, 159 N.C. App. at 107, 582 S.E.2d at 682 (citing *Missouri v. Hunter*, 459 U.S. 359, 368-69, 74 L. Ed. 2d 535, 544 (1983); and *Gardner*, 315 N.C. at 454-55, 340 S.E.2d at 709).

Therefore, "the intent of the legislature is determinative. The Double Jeopardy Clause plays only a limited role in deciding whether cumulative punishments may be imposed under different statutes at a single criminal proceeding—that role being only to prevent the sentencing court from prescribing greater punishments than the legisla-

ture intended." *Gardner*, 315 N.C. at 460, 340 S.E.2d at 712. "[If] a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Hunter*, 459 U.S. at 368-69, 74 L. Ed. 2d at 544. "Where multiple punishment is involved, the Double Jeopardy Clause acts as a restraint on the prosecutor and the courts, not the legislature." *Gardner*, 315 N.C. at 452, 340 S.E.2d at 707 (citing *Brown v. Ohio*, 432 U.S. 161, 53 L. Ed. 2d 187 (1977)). "The traditional means of determining the intent of the legislature where the concern is only one of multiple punishments for two convictions in the same trial include the examination of the subject, language, and history of the statutes." *Gardner*, 315 N.C. at 461, 340 S.E.2d at 712. In the instant case, Defendant argues that the North Carolina legislature has expressed a clear intent not to allow multiple punishments for involuntary manslaughter and felony death by vehicle arising from the same death. We agree.

In *State v. Freeman*, 31 N.C. App. 93, 228 S.E.2d 516 (1976), this Court discussed misdemeanor death by vehicle, involuntary manslaughter, and the provisions of N.C. Gen. Stat. § 20-141.4 (1973). N.C. Gen. Stat. § 20-141.4(a), since repealed, then provided in pertinent part that "[w]hoever shall unintentionally cause the death of another person while engaged in the violation of any State law or local ordinance applying to the operation or use of a vehicle or to the regulation of traffic shall be guilty of death by vehicle when such violation is the proximate cause of said death." N.C. Gen. Stat. § 20-141.4(b) made violation of the statute a misdemeanor.

The defendant in *Freeman* was charged with involuntary manslaughter. At trial the jury was instructed on involuntary manslaughter and misdemeanor death by vehicle. On appeal he argued that allowing the jury to consider both offenses violated N.C. Gen. Stat. § 20-141.4(c), which at that time provided that:

(c) No person who has been placed in jeopardy upon a charge of death by vehicle shall subsequently be prosecuted for the offense of manslaughter arising out of the same death; and no person who has been placed in jeopardy upon a charge of manslaughter shall subsequently be prosecuted for death by vehicle arising out of the same death.

The defendant argued that N.C. Gen. Stat. § 20-141.4(c) prohibited misdemeanor death by vehicle from being treated as a lesser included offense of involuntary manslaughter. This Court held that "[t]he purpose of G.S. 20-141.4(c) is . . . to prevent the State from bringing a new prosecution against a defendant for death by vehicle after he has already been convicted or acquitted of manslaughter." *Freeman*, 31 N.C. App. at 96, 228 S.E.2d at 518. The Court also held that "the intention of the legislature in enacting G.S. 20-141.4 was to define a crime of lesser degree of manslaughter wherein criminal responsibility for death by vehicle is not dependent upon the presence of culpable or criminal negligence. . . . Every element of G.S. 20-141.4 is embraced in the common law definition of involuntary manslaughter." *Id.* at 97, 228 S.E.2d at 519.

In 1983, North Carolina enacted the Safe Roads Act, "Chapter 435 of the 1983 Session Laws, effective 1 October 1983[.]" *State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 327, 323 S.E.2d 294, 294 (1984). As part of the Safe Roads Act, the North Carolina legislature repealed N.C. Gen. Stat. § 20-141.4(a) and enacted N.C. Gen. Stat. § 20-141.4(a1), which created the offense of felony death by vehicle and provided in part:

> (a1) A person commits the offense of felony death by vehicle if: (1) The person unintentionally causes the death of another person, (2) The person was engaged in the offense of impaired driving . . . and (3) The commission of [impaired driving] . . . is the proximate cause of the death.

The legislature also amended N.C. Gen. Stat. § 20-141.4(c) to state:

> (c) No Double Prosecutions.—No person who has been placed in jeopardy upon a charge of death by vehicle may be prosecuted for the offense of manslaughter arising out of the same death; and no person who has been placed in jeopardy upon a charge of manslaughter may be prosecuted for death by vehicle arising out of the same death.

This was the first amendment of N.C. Gen. Stat. § 20-141.4(c) after *Freeman* was decided. Significantly, the legislature added the heading "No Double Prosecutions" and deleted the word "subsequently" from the statute. It is black letter law that the

> Legislature . . . is presumed to have had the law as settled by *State v. [Freeman]* in mind when it passed the act of [1983], and that act will be construed according to the rule as therein stated. The

STATE v. DAVIS

[198 N.C. App. 443 (2009)]

Legislature is presumed to know the existing law and to legislate with reference to it.

*State v. Southern R. Co.*, 145 N.C. 495, 542, 59 S.E. 570, 587 (1907).

Thus, absent clear legislative intent to the contrary, we must presume that the General Assembly acted to abrogate the [holding of *Freeman*]. *See . . . State v. Blackstock*, 314 N.C. 232, 240, 333 S.E.2d 245, 250 (1985) (noting that in construing a statute that has been repealed or amended, it may be presumed that the legislature intended either to change the substance of the original act or to clarify the meaning of the statute).

*State v. Bright*, 135 N.C. App. 381, 382-83, 520 S.E.2d 138, 139 (1999). "Likewise, we note that our case law favors the imposition of a single punishment unless otherwise clearly provided by statute. 'In construing a criminal statute, the presumption is against multiple punishments in the absence of a contrary legislative intent.'" *State v. Garris*, 191 N.C. App. 276, 284, 663 S.E.2d 340, 347 (quoting *State v. Boykin*, 78 N.C. App. 572, 576-77, 337 S.E.2d 678, 681 (1985)), *disc. review denied*, 362 N.C. 684, 670 S.E.2d 907 (2008).

We conclude that under N.C. Gen. Stat. § 20-141.4(c) a defendant may not be sentenced for both involuntary manslaughter and felony death by vehicle arising out of the same death. We remand for resentencing by the trial court, with instructions to vacate Defendant's conviction of either involuntary manslaughter or felony death by vehicle.

---

**[3]** Defendant argues next that the trial court erred by sentencing him for both felony death by vehicle and driving while impaired (DWI). We agree.

Under N.C. Gen. Stat. § 20-141.4(a1), driving while impaired is a lesser included offense of felony death by vehicle. Upon conviction of felony death by vehicle the lesser offense merges into the greater. Thus, it is error to sentence a defendant both for felony death by vehicle and the lesser included offense of driving while impaired.

*State v. Richardson*, 96 N.C. App. 270, 272, 385 S.E.2d 194, 195 (1989). If the trial court vacates Defendant's conviction of involuntary manslaughter and sentences Defendant for felony death by vehicle, then the court must arrest judgment on DWI.

However, if the trial court vacates the felony death by vehicle conviction, Defendant may be sentenced for both involuntary manslaughter and DWI. *See e.g.*, *State v. Speight*, 186 N.C. App. 93, 650 S.E.2d 452 (2007).

---

**[4]** The Defendant next argues that the trial court denied his right to a fair trial because, during the court's instruction on the defense of accident as it pertained to second-degree murder, the trial court made a "slip of the tongue." Instead of stating that, under certain circumstances, the Defendant "would not be guilty of any crime[,]" the court instead said that the Defendant "was not be my of any crime." Defendant argues that this *lapsus lingua* entitles him to a new trial. We disagree.

The Defendant did not object to this instruction at trial. N.C.R. App. P. Rule 10(c)(4) provides that:

> In criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule or law without any such action, nevertheless may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error.

In the instant case, the Defendant did not assign the challenged instruction as plain error and does not argue plain error on appeal. "[A] defendant must 'specifically and distinctly' assign plain error to preserve a question for appellate review that is otherwise waived pursuant to N.C. R. App. P. 10(b)(1)[.]" *State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 925 (2007) (quoting Rule 10(c)(4)). We conclude that Defendant failed to preserve this issue for appellate review. This assignment of error is overruled.

**[5]** Defendant next argues that the trial court erred in its instructions to the jury on the traffic violations that were pertinent to the charge of involuntary manslaughter. Defendant argues that the trial court denied his right to a unanimous verdict by instructing the jury "in the disjunctive" on the North Carolina motor vehicle violations the jury could consider in determining Defendant's guilt. We disagree.

It is long-established that "the [defendant] can be found guilty only by a unanimous verdict, beyond the reasonable doubt, of twelve [jurors]." *State v. Lilliston*, 141 N.C. 857, 868, 54 S.E. 427, 431 (1906). "The North Carolina Constitution guarantees a criminal defendant the right to a unanimous verdict. . . . To convict a defendant, the

jurors must unanimously agree that the State has proven beyond a reasonable doubt each and every essential element of the crime charged." *State v. Jordan*, 305 N.C. 274, 279, 287 S.E.2d 827, 831 (1982) (citing N.C. Const. art. I, § 24). "To sustain a charge of involuntary manslaughter, the State must present substantial evidence that defendant committed 'the unlawful and unintentional killing of another human being without malice' " and that the killing proximately results from the defendant's "commission of some act done in an unlawful or culpably negligent manner[.]" *State v. Fritsch*, 351 N.C. 373, 380, 526 S.E.2d 451, 456 (2000) (quoting *State v. Everhart*, 291 N.C. 700, 702, 231 S.E.2d 604, 606 (1977)). Thus, "[w]hen a safety statute is unintentionally violated, culpable negligence exists where the violation is 'accompanied by recklessness of probable consequences of a dangerous nature . . . amounting altogether to a thoughtless disregard of consequences[.]' " *Jones*, 353 N.C. at 165, 538 S.E.2d at 923 (quoting *State v. Hancock*, 248 N.C. 432, 435, 103 S.E.2d 491, 494 (1958)).

"[A]n unintentional violation of a prohibitory statute or ordinance, unaccompanied by recklessness or probable consequences of a dangerous nature . . . is not such negligence as imports criminal responsibility." *Cope*, 204 N.C. at 31, 167 S.E. at 458 (citations omitted). However, "this latter rule is inapplicable [to DWI]: one who drives under the influence cannot be said to do so inadvertently. The act (and the violation) is willful by its very nature." *McGill*, 314 N.C. at 636 n.3, 336 S.E.2d at 92 n.3.

In the instant case, the trial court instructed the jury in accordance with the law, that culpable negligence could be established by proof: (1) that Defendant drove while impaired, which is culpable negligence as a matter of law, or; (2) that Defendant drove left of center, exceeded the posted speed limit, or passed in a no passing zone, if such violation was accompanied by a reckless disregard for the probable consequences of his action, or was a willful, wanton or intentional violation of one or more of these traffic laws.

The Defendant argues on appeal that the trial court's instructions make it unclear whether the jury unanimously found Defendant's culpable negligence to be based on impaired driving or based on one or more of the other traffic violations. However, inasmuch as the jury convicted Defendant of DWI, we may conclude that the jury unanimously found that Defendant had committed this offense. The jury's unanimous finding that the Defendant committed DWI supports the culpable negligence element of involuntary manslaughter.

STATE v. DAVIS

[198 N.C. App. 443 (2009)]

We next consider the trial court's instructions on Defendant's commission of one or more traffic violations. Defendant argues that his right to a unanimous jury verdict was violated, based on the fact that exceeding the posted speed limit, driving left of center, and passing in a no-passing zone are criminal offenses. In support of his position, Defendant cites *State v. Diaz*, 317 N.C. 545, 346 S.E.2d 488 (1986).

In *Diaz*, the jury was instructed that it could convict the defendant of trafficking in marijuana if defendant knowingly possessed or transported a trafficking amount of marijuana. The Supreme Court of North Carolina held that the defendant had been "deprived of his constitutional right to be convicted by a unanimous jury and [was] entitled to a new trial." *Id.* at 554, 346 S.E.2d at 494. "*Diaz* held that when the underlying acts joined by the disjunctive are separate offenses for which a defendant may be separately convicted and punished, the jury instruction is fatally ambiguous." *State v. Haddock*, 191 N.C. App. 474, 480, 664 S.E.2d 339, 344 (2008). However, if a jury is instructed that a "single wrong [may be] established by a finding of various alternative elements" the jury instruction does not deprive a defendant of the right to a unanimous verdict. *State v. Hartness*, 326 N.C. 561, 566, 391 S.E.2d 177, 180 (1990). "To decide whether the underlying acts joined by the disjunctive are separate offenses or merely alternative ways to establish a single offense, this Court considers the gravamen of the offense, determined by considering the evil the legislature intended to prevent and the applicable statutory language." *Haddock*, 191 N.C. App. at 480, 664 S.E.2d at 344.

We conclude that the evil the common law offense of involuntary manslaughter intends to prevent is the accidental death of an individual caused by a defendant's culpable negligence. A defendant's culpable negligence may arise from the intentional or reckless violation of a motor vehicle safety law. We hold that the jury was properly instructed on specific traffic offenses that, although distinct, might serve to establish a single element of involuntary manslaughter. Accordingly, Defendant's right to a unanimous verdict was not violated.

We find support for our holding in *State v. Funchess*, 141 N.C. App. 302, 540 S.E.2d 435 (2000). In *Funchess*, the defendant was charged with felonious speeding to elude arrest. The trial court charged the jury that to convict the defendant it must find two or more of the following factors: (1) that the defendant drove in excess

of fifteen miles per hour over the legal speed limit; (2) that he drove recklessly, or; (3) that he drove while his driver's license was revoked. On appeal, the defendant argued that because these three factors were also individual separate offenses, his right to a unanimous verdict had been violated. This Court held:

> Defendant further contends that the jury should have been required to agree on which of [the] . . . factors were present in his case. The State . . . argues that the statutory factors are merely alternative ways of proving the crime of felonious speeding to elude arrest. . . . Although many of the enumerated aggravating factors are in fact separate crimes under various provisions of our General Statutes, they are not separate offenses as in *Diaz*, but are merely alternate ways of enhancing the punishment for speeding to elude arrest from a misdemeanor to a Class H felony.

*Id.* at 307, 309, 540 S.E.2d at 438, 439. We conclude that Defendant's culpable negligence was established by the jury's unanimous verdict of guilty of DWI, and that the trial court's instruction allowing the jury to consider several possible motor vehicle violations did not violate the Defendant's right to a unanimous verdict. This assignment of error is overruled.

---

[6] Finally, Defendant argues that his right to a fair trial was violated by the failure of the indictment charging him with second-degree murder to specify which traffic violations might be used to prove the culpable negligence element of involuntary manslaughter. We disagree.

Defendant was indicted for second-degree murder. Evidence produced at trial entitled Defendant to an instruction on the lesser included offense of involuntary manslaughter. Defendant cites no authority for the proposition that an indictment for an offense requires additional indictments for all lesser included offenses, and we find none. This assignment of error is overruled.

For the reasons discussed above, we find no error in any of Defendant's individual convictions, but remand for further proceedings in light of our holdings that (1) Defendant may not be convicted of both involuntary manslaughter and felony death by vehicle arising from the same death, and; (2) Defendant may not be sentenced for both felony death by vehicle and DWI arising from the same incident.

No error in part, remanded in part.

Judges McGEE and HUNTER, Robert C. concur.