**STATE v. ELMORE**

[224 N.C. App. 331 (2012)]

STATE OF NORTH CAROLINA
v.
MATTHEW LEE ELMORE

No. COA12-459

Filed 18 December 2012

**Motor Vehicles—death by motor vehicle and manslaughter—prosecuted for both—sentenced for one**

The trial court did not err in a prosecution for death by motor vehicle and manslaughter arising from driving while impaired by denying defendant's pretrial motion to dismiss. Although N.C.G.S. § 20-141.4(c) states that no person charged with death by vehicle may be prosecuted for manslaughter arising out of the same death, the General Assembly's intent was to abrogate a judicial holding such that a defendant may not be sentenced for both involuntary manslaughter and felony death by vehicle arising out of the same death.

Appeal by Defendant from judgments entered 29 July 2011 by Judge Robert T. Sumner in Superior Court, Catawba County. Heard in the Court of Appeals 23 October 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Carrie D. Randa, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Andrew DeSimone, for Defendant.*

McGEE, Judge.

Matthew Lee Elmore (Defendant) was convicted of two counts of involuntary manslaughter on 29 July 2011. Defendant was sentenced to a term of nineteen to twenty-three months in prison, followed by a consecutive term of nineteen to twenty-three months in prison. This sentence was suspended for thirty-six months of supervised probation.

The evidence at trial tended to show that Defendant was involved in a vehicle collision on 13 June 2009. Defendant was driving a Chevrolet Suburban when he ran a red light and collided with a Chrysler LeBaron Convertible. Both occupants in the LeBaron were killed.

Defendant was indicted on two counts of felony death by motor vehicle on 4 January 2010. A superseding indictment issued 4 April

2010, adding charges for manslaughter, misdemeanor death by motor vehicle, driving while impaired, running a red light, and reckless driving. At the beginning of trial, Defendant made an oral motion to dismiss, arguing that the State was prohibited by statute from prosecuting Defendant for both death by vehicle and manslaughter charges arising out of the same death. The trial court denied Defendant's motion, ruling that the statute in question prevented punishment under both theories, but not prosecution.

After trial, the jury found Defendant not guilty of felony death by vehicle, but guilty of involuntary manslaughter and misdemeanor death by vehicle. The trial court sentenced Defendant based on manslaughter, and arrested judgment in the charges of misdemeanor death by vehicle. Defendant appeals.

## Issue on Appeal

Defendant raises the issue of whether the trial court "violated the mandatory prohibition in N.C. Gen. Stat. § 20-141.4(c) against double prosecutions for manslaughter and death by vehicle arising out of the same death by denying [Defendant's] pretrial motion to dismiss and/or have the State elect between the charges[.]"

N.C. Gen. Stat. § 20-141.4(c) provides:

> No Double Prosecutions.—No person who has been placed in jeopardy upon a charge of death by vehicle *may be prosecuted* for the offense of manslaughter arising out of the same death; and no person who has been placed in jeopardy upon a charge of manslaughter may be prosecuted for death by vehicle arising out of the same death.

N.C. Gen. Stat. § 20-141.4 (2011)(emphasis added). Defendant contends that the language "may be prosecuted" prohibits the State from pursuing charges of death by vehicle and manslaughter in the same proceeding. After review of the statute, its legislative history, and cases interpreting it, we disagree.

In *State v. Freeman*, 31 N.C. App. 93, 228 S.E.2d 516 (1976), this Court reviewed a defendant's argument that

> by instructing the jury on death by vehicle as a lesser included offense of manslaughter, the court violated the provisions of [N.C.]G.S. [§] 20-141.4(c), which state that

". . . no person who has been placed in jeopardy upon a charge of manslaughter *shall subsequently be prosecuted* for death by vehicle arising out of the same death."

*Id.* at 95, 228 S.E.2d at 518 (emphasis added). In *Freeman,* the defendant argued that

death by vehicle cannot be considered a lesser included offense of involuntary manslaughter because of the "mutual exclusiveness" between the two offenses and because the legislature would have stated expressly in the statute that death by vehicle is a lesser included offense of manslaughter if it had intended such a result.

*Id.* at 95-96, 228 S.E.2d at 518. This Court stated that "[t]he purpose of G.S. 20-141.4(c) is not to prevent the courts from treating one offense as a lesser included offense of the other, but rather to prevent the State from bringing a new prosecution against a defendant for death by vehicle after he has already been convicted or acquitted of manslaughter." *Id.* at 96, 228 S.E.2d at 518.

N.C.G.S. § 20-141.4(c) was amended in 1983 to remove the word "subsequently" and now reads as quoted above. In *State v. Davis,* 198 N.C. App. 443, 680 S.E.2d 239 (2009), this Court addressed the General Assembly's intent in amending the statute. In *Davis,* the defendant argued "that the North Carolina legislature ha[d] expressed a clear intent not to allow multiple punishments for involuntary manslaughter and felony death by vehicle arising from the same death." *Id.* at 450, 680 S.E.2d at 245. After a thorough analysis of *Freeman* and N.C.G.S. § 20-141.4(c), this Court agreed. In *Davis,* in order to eliminate apparent confusion about the meaning of the statute, this Court observed that the General Assembly amended N.C.G.S. § 20-141.4(c) in response to *Freeman:*

The legislature also amended N.C. Gen. Stat. § 20–141.4(c) to state:

(c) No Double Prosecutions.—No person who has been placed in jeopardy upon a charge of death by vehicle may be prosecuted for the offense of manslaughter arising out of the same death; and no person who has been placed in jeopardy upon a charge of manslaughter may be prosecuted for death by vehicle arising out of the same death.

STATE v. ELMORE

[224 N.C. App. 331 (2012)]

This was the first amendment of N.C. Gen. Stat. § 20–141.4(c) after *Freeman* was decided. Significantly, the legislature added the heading "No Double Prosecutions" and deleted the word "subsequently" from the statute. It is black letter law that the

Legislature . . . is presumed to have had the law as settled by *State v. [Freeman]* in mind when it passed the act of [1983], and that act will be construed according to the rule as therein stated. The Legislature is presumed to know the existing law and to legislate with reference to it.

*State v. Southern R. Co.*, 145 N.C. 495, 542, 59 S.E. 570, 587 (1907).

Thus, absent clear legislative intent to the contrary, we must presume that the General Assembly acted to abrogate the [holding of *Freeman*]. See . . . *State v. Blackstock*, 314 N.C. 232, 240, 333 S.E.2d 245, 250 (1985) (noting that in construing a statute that has been repealed or amended, it may be presumed that the legislature intended either to change the substance of the original act or to clarify the meaning of the statute).

*State v. Bright*, 135 N.C. App. 381, 382–83, 520 S.E.2d 138, 139 (1999).

*Id.* at 451-52, 680 S.E.2d at 246. After conducting this review, this Court concluded that "under N.C. Gen. Stat. § 20–141.4(c) a defendant may not be *sentenced* for both involuntary manslaughter and felony death by vehicle arising out of the same death." *Id.* at 452, 680 S.E.2d at 246 (emphasis added). This Court ultimately remanded "for resentencing by the trial court, with instructions to vacate [d]efendant's conviction of either involuntary manslaughter or felony death by vehicle." *Id.*

In the present case, Defendant cites *Davis* and argues that, "[a]lthough the *Davis* Court simply held that a defendant may not be *sentenced* for both offenses, the defendant in *Davis* did not argue, as does [Defendant in the present case], that he should not have been *prosecuted* for both offenses." Defendant asserts that "[b]ecause '[i]t is not the role of the appellate courts . . . to create an appeal for the appellant[,]' . . . this Court in *Davis* was not presented with, and thus

did not address the issue presented by [Defendant] in this appeal." Defendant then argues that the language of N.C.G.S. § 20-141.4(c) is " 'clear and unambiguous' " and therefore, the word "prosecute" must be given its " 'common and ordinary meaning[.]' "

Black's Law Dictionary provides the following definition of the word "prosecute":

> prosecute, vb. (15c) 1. To commence and carry out a legal action <because the plaintiff failed to prosecute its contractual claims, the court dismissed the suit>. 2. To institute and pursue a criminal action against (a person) <the notorious felon has been prosecuted in seven states>. 3. To engage in; carry on <the company prosecuted its business for 12 years before going bankrupt>.

Black's Law Dictionary 1341 (9th ed. 2009). Defendant asserts that N.C.G.S. § 20-141.4(c) therefore "contains an express prohibition against the trial of a person for involuntary manslaughter once a jury has been empaneled to try a charge of death by vehicle[.]" The State counters that "[t]he facts in *Davis* are almost identical to those in the current case" and therefore "[g]iven the ruling of this Court in *Davis*, [Defendant's] argument has no merit." While we agree with Defendant that *Davis* is not controlling on this issue, we hold that this Court's interpretation of N.C.G.S. § 20-141.4(c) was appropriate and apply it in this case.

In *State v. Bell*, 184 N.C. 701, 115 S.E. 190 (1922), our Supreme Court observed that: "In our endeavor to ascertain the purpose of the statute, we should also have due regard to the rule that the spirit and reason of the law shall prevail over its letter, especially where a literal construction would work an obvious injustice." *Id.* at 705, 115 S.E. at 192. Our Supreme Court has continued to rely on this principle. *See Realty Co. v. Trust Co.*, 296 N.C. 366, 369, 250 S.E.2d 271, 273 (1979). The Court again cited this principle in *Hill v. Bechtel*, 336 N.C. 526, 444 S.E.2d 186 (1994), observing that:

> "In our endeavor to ascertain the purpose of the statute, we should also have due regard to the rule that the spirit and reason of the law shall prevail over its letter, especially where a literal construction would work an obvious injustice." *State v. Bell*, 184 N.C. 701, 705, 115 S.E. 190, 192 (1922). Matters implied by the language of a statute must be given effect to the same extent as matters specifically expressed. *In re Wharton*, 305 N.C.

565, 574, 290 S.E.2d 688, 693 (1982); *Iredell County Bd. of Educ. v. Dickson*, 235 N.C. 359, 361, 70 S.E.2d 14, 17 (1952).

*Id.* at 532, 444 S.E.2d at 190.

Though N.C.G.S. § 20-141.4(c) does state that "[n]o person who has been placed in jeopardy upon a charge of death by vehicle *may be prosecuted* for the offense of manslaughter arising out of the same death[,]" we conclude that the General Assembly's intent was to abrogate the holding of *Freeman*, as noted in *Davis*, to wit: the General Assembly intended that "under N.C. Gen. Stat. § 20–141.4(c) a defendant may not be *sentenced* for both involuntary manslaughter and felony death by vehicle arising out of the same death." *Davis*, 198 N.C. App. at 452, 680 S.E.2d at 246 (emphasis added). To hold otherwise would involve an overly literal interpretation of N.C.G.S. § 20-141.4(c), and our Supreme Court in the past has disfavored the overly literal interpretation of statutes contrary to legislative intent. *See Hensley v. N.C. Dep't of Env't & Natural Res.*, 364 N.C. 285, 291, 698 S.E.2d 41, 45 (2010) (overturning this Court's reading of a statute when our Supreme Court found "this reading of the definition of land-disturbing activity to be overly literal."); *see also State v. Humphries*, 210 N.C. 406, 410, 186 S.E. 473, 476 (1936) (" 'In the exposition of a statute the intention of the lawmaker will prevail over the literal sense of the terms, and its reason and intention will prevail over the strict letter. When the words are not explicit the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt and the remedy in view, and the intention is to be taken or presumed according to what is consonant with reason and good discretion.' "). We therefore conclude the trial court did not err in denying Defendant's pretrial motion.

No Error.

Judges BRYANT and THIGPEN concur.