STATE OF NORTH CAROLINA v. MARION PRESTON GILLESPIE

No. COA10-798

(Filed 1 March 2011)

**Sentencing— aggravated range—murder especially heinous, atrocious, or cruel—single aggravating factor outweighed multiple mitigating factors**

The trial court did not abuse its discretion in a murder case by sentencing defendant within the aggravated range based on its determination that the one stipulated aggravating factor, that the murder was especially heinous, atrocious, or cruel, outweighed multiple mitigating factors. Further, the trial court did not inappropriately consider the fact that the offense was reduced from first-degree murder to second-degree murder.

Appeal by defendant from judgment entered 3 December 2009 by Judge W. Erwin Spainhour in Rowan County Superior Court. Heard in the Court of Appeals 12 January 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Peter A. Regulski, for the State.*

*Michael E. Casterline, for the defendant-appellant.*

STEELMAN, Judge.

Where the trial court determined that one aggravating factor outweighed multiple mitigating factors, the trial court acted within its discretion in sentencing the defendant from the aggravated range.

I. Factual and Procedural History

On 15 June 2003, Marion Gillespie ("defendant") advised a Rowan County Deputy Sheriff that he had stabbed his girlfriend, Linda Faye Patterson Smith ("Smith"). When police arrived at the residence, they found Smith to be deceased and lying in the bathtub with multiple stab wounds. Defendant waived his *Miranda* rights and gave a statement contending that he and Smith had been arguing, and that she charged him with a knife. Defendant stated that in the subsequent struggle over the knife, he cut Smith's arm, but could not recall anything further about the fight. Defendant attributed his loss of memory to medication that he was taking for cholesterol, blood pressure, diabetes and cancer. Smith was stabbed thirty-three times, including

a cut five inches long and an inch-and-a-half deep that severed her carotid artery.

On 4 October 2004, the grand jury returned a superseding indictment charging defendant with first-degree murder and alleging the aggravating factor that the offense was especially heinous, atrocious, or cruel. N.C. Gen. Stat. § 15A-1340.16(d)(7) (2004). Defendant's first-degree murder conviction was reversed by the Supreme Court, and a new trial ordered. *State v. Gillespie*, 362 N.C. 150, 655 S.E.2d 355 (2008).

Upon remand to the trial court, defendant pled guilty to second-degree murder. Defendant stipulated to the existence of the aggravating factor that "[t]he offense was especially heinous, atrocious, or cruel," and the State stipulated to the existence of the mitigating factor that "[t]he defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced the defendant's culpability for the offense." N.C. Gen. Stat. § 15A-1340.16(d)(7), (e)(3) (2009) On 3 December 2009, the trial court entered judgment. The trial court found the stipulated aggravating and mitigating factors as well as the following additional mitigating factors: (1) "defendant has accepted responsibility for the defendant's criminal conduct" N.C. Gen. Stat. § 15A-1340.16(e)(15); (2) "defendant has a support system in the community" N.C. Gen. Stat. § 15A-1340.16(e)(18); (3) "defendant has a positive employment history" N.C. Gen. Stat. § 15A-1340.16(e)(19); (4) "defendant has a good treatment prognosis" N.C. Gen. Stat. § 15A-1340.16(e)(20); and the non-statutory mitigating factor that defendant had behaved well in prison. The trial court held that the aggravating factor outweighed all of the mitigating factors and imposed an active sentence from the aggravated range of 237 to 294 months.

Defendant appeals.

## II. Imposition of Aggravated Sentence

In his only argument, defendant contends that the trial court erred in sentencing defendant by considering the State's decision to reduce the charge from first-degree to second-degree murder, and by improperly analyzing a mitigating factor. We disagree.

## A. Standard of Review

A trial court's determination regarding the weight of aggravating and mitigating factors will not be overturned on appeal absent a showing of abuse of discretion. *State v. Rogers*, 157 N.C. App. 127,

129, 577 S.E.2d 666, 668 (2003). "The balance struck by the sentencing judge in weighing the aggravating against the mitigating factors, being a matter within his discretion, will not be disturbed unless it is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *State v. Parker*, 315 N.C. 249, 258-59, 337 S.E.2d 497, 502-03 (1985) (quotations omitted).

### B. Analysis

Defendant contends that he is entitled to a new sentencing hearing because the trial court erred by considering the fact that his offense was reduced from first-degree murder to second-degree murder. During the sentencing hearing, Judge Spainhour made the following comment:

> I find the following mitigating factors: No. 3A, the defendant was suffering from a mental condition that was insufficient to constitute a defense but significantly reduced the defendant's culpability for the offense. Therefore, I think that's why it's not murder in the first degree. It's murder in the second agree [sic], classically, I think.

Defendant contends that this statement shows that the trial court only considered his reduced culpability in considering a reduction in the charge, but did not give this factor appropriate weight when determining whether to impose a sentence from the aggravated or mitigated range.

Defendant attempts to read far too much into this comment made during the sentencing hearing. The trial court took note of the mental health issue raised by the defendant and the fact that it was a factor in his plea to a lesser charge being appropriate. In accordance with the express stipulation of the State and defendant, the trial court found this statutory mitigating factor. N.C. Gen. Stat. § 15A-1340.16 (e)(3). The trial court also found five additional mitigating factors as to which there was no stipulation by the State.

Once the trial court found aggravating and mitigating factors, it was required to weigh them pursuant to N.C. Gen. Stat. 15A-1340.16(b). In weighing aggravating and mitigating factors, the trial court exercises its discretion. *State v. Davis*, 58 N.C. App. 330, 333, 293 S.E.2d 658, 661 (1982), *disc. review denied*, 306 N.C. 745, 295 S.E.2d 482 (1982). It is for the trial court to determine the weight to be given to any particular aggravating or mitigating factor. The trial court does not simply add up the number of aggravating or mitigating

STATE v. GILLESPIE

[209 N.C. App. 746 (2011)]

factors, but rather is to carefully weigh the quality and importance of each factor. "A sentencing judge properly may determine in appropriate cases that one factor in aggravation outweighs more than one factor in mitigation and vice versa." *Parker*, 315 N.C. at 258, 337 S.E.2d at 502 (1985).

Given the violent and vicious nature of the assault on Smith by defendant, we hold that the trial court did not abuse its discretion in giving more weight to the single stipulated aggravating factor (heinous, atrocious or cruel) than to the six statutory and non-statutory mitigating factors.

The sentence imposed by the trial court is affirmed.

AFFIRMED.

Judges ELMORE and ERVIN concur.