*870
 
 ZACHARY, Judge.
 

 *669
 
 Harold Lee Pless, Jr. (defendant) appeals from judgment entered upon his pleas of guilty to sale of heroin, trafficking in opium, possession of oxycodone with intent to sell or deliver, and driving while impaired. On appeal, defendant argues that the terms of the plea bargain required him to be sentenced to a term that was not authorized under the statutory provisions applicable to the date on which he committed these offenses. We agree.
 

 I. Factual and Procedural Background
 

 On 10 December 2012, the Iredell County Grand Jury indicted defendant for possession with intent to manufacture, sell, or deliver heroin; sale or delivery of heroin; trafficking by possession and by transportation of twenty-eight grams or more of opium; possession with intent to manufacture, sell, or deliver oxycodone; sale or delivery of oxycodone; and driving while impaired. The indictments alleged that defendant had committed the charged offenses in September and October of 2012.
 

 On 9 December 2013, defendant pleaded guilty to selling heroin; trafficking by transportation of more than fourteen but less than twenty-eight grams of opium; possession with intent to manufacture, sell, or deliver oxycodone; and driving while impaired. The State dismissed other charges that were pending against defendant and agreed that defendant would serve a single consolidated sentence of 90 to 120 months for drug trafficking. Sentencing was continued until 21 January 2014. Defendant failed to appear in court on 21 January 2014 and a warrant was issued for his arrest. Defendant was later arrested, and appeared in court for sentencing on 16 November 2015. The trial court entered judgment in accordance with the plea arrangement. The court sentenced defendant to a term of 60 days imprisonment for driving while impaired
 
 *670
 
 and consolidated the drug convictions into one judgment, imposing a sentence of 90 to 120 months, to run consecutively to the DWI sentence. Defendant gave notice of appeal in open court after sentencing.
 

 II. Statutory Right to Appeal
 

 Defendant's sole argument on appeal is that the trial court erred by imposing a sentence of 90-120 months imprisonment. Defendant contends, and the State concedes, that for drug trafficking offenses committed in September or October of 2012,
 
 N.C. Gen. Stat. § 90-95
 
 (h)(4) b. required that defendant receive a mandatory minimum sentence of 90-117 months. On 13 July 2016, the State filed a motion for dismissal of defendant's appeal, on the grounds that a challenge to the sentence imposed under § 90-95 is not among the permissible statutory bases pursuant to which a defendant may appeal following entry of a guilty plea. The State is correct in its analysis of this issue.
 

 "In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute."
 
 State v. Pimental
 
 ,
 
 153 N.C.App. 69
 
 , 72,
 
 568 S.E.2d 867
 
 , 869 (2002) (citations omitted). A criminal defendant's right to appeal from judgment entered upon a plea of guilty is governed by N.C. Gen. Stat. § 15A-1444 (2015), which provides in relevant part that:
 

 (a2) A defendant who has entered a plea of guilty ... to a felony ... is entitled to appeal as a matter of right the issue of whether the sentence imposed: ... (3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.
 

 The State argues that N.C. Gen. Stat. § 15A-1444(a2) only allows a defendant to appeal a sentence whose term was "not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23," and that, because defendant's sentence was governed by
 
 N.C. Gen. Stat. § 90-95
 
 , rather than § 15A-1340.17 or § 15A-1340.23, he has no statutory right of appeal. The State is correct that the statute does not include as a basis for appeal of a sentencing issue, that the sentence was "not authorized by
 
 N.C. Gen. Stat. § 90-95
 
 ." Accordingly, we grant the State's motion to dismiss defendant's appeal.
 

 *871
 

 III. Defendant's Petition for Writ of Certiorari
 

 On 27 July 2016, defendant filed a petition for issuance of a writ of certiorari. N.C. Gen. Stat. § 15A-1444(e) provides that a defendant who "is not entitled to appellate review as a matter of right when he has entered a plea of guilty ... may petition the appellate division for review
 
 *671
 
 by writ of certiorari. ..." In this case, we elect to grant defendant's petition in order to reach the merits of his appeal.
 

 IV. Discussion
 

 Defendant was sentenced pursuant to
 
 N.C. Gen. Stat. § 90-95
 
 (h)(4) b., which currently provides that:
 

 (h) Notwithstanding any other provision of law, the following provisions apply except as otherwise provided in this Article. ...
 

 (4) Any person who sells ... transports, or possesses four grams or more of opium or opiate ... shall be guilty of a felony which felony shall be known as "trafficking in opium or heroin" and if the quantity of such controlled substance or mixture involved: ...
 

 b. Is 14 grams or more, but less than 28 grams, such person shall be punished as a Class E felon and shall be sentenced to a minimum term of 90 months and a maximum term of 120 months in the State's prison and shall be fined not less than one hundred thousand dollars ($ 100,000)[.]
 

 This statute formerly mandated a sentence of 90-117 months. However,
 
 N.C. Gen. Stat. § 90-95
 
 (h)(4) b. was rewritten effective 1 December 2012, and was made applicable to offenses committed after that date.
 
 2012 N.C. Sess. Laws 188
 
 , § 5. Because defendant committed the charged offenses in September and October of 2012, he should have been sentenced to 90-117 months. The State agrees that the mandatory term applicable on the date upon which defendant committed these offenses was 90-117 months.
 

 Defendant has asked this Court to vacate his sentence and return him to "the same position he was in prior to entering" a plea. The State "agrees with Defendant that his entire guilty plea should be vacated[,]" citing
 
 State v. Rico
 
 ,
 
 218 N.C.App. 109
 
 ,
 
 720 S.E.2d 801
 
 (Steelman, J., dissenting),
 
 rev'd for reasons stated in dissent
 
 ,
 
 366 N.C. 327
 
 ,
 
 734 S.E.2d 571
 
 (2012). In
 
 Rico
 
 , this Court determined that the trial court had entered an improper sentence pursuant to defendant's plea of guilty and remanded for resentencing. Judge Steelman dissented in part on the grounds that because the defendant "had elected to repudiate a portion" of the plea arrangement, the entire plea agreement should be vacated.
 
 Rico
 
 ,
 
 218 N.C.App. at 122
 
 ,
 
 720 S.E.2d at 809
 
 (Steelman, J., dissenting). Our Supreme Court reversed "for the reasons stated in the dissenting
 
 *672
 
 opinion[.]" Accordingly, we agree that the judgments entered against defendant should be vacated.
 

 For the reasons discussed above, we grant the State's motion to dismiss defendant's appeal; grant defendant's petition for a writ of certiorari; vacate the judgment entered against defendant pursuant to the plea agreement; and set aside the plea agreement.
 

 VACATED.
 

 Judges ELMORE and ENOCHS concur.