IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-188

Filed: 15 December 2020

Iredell County No. 19 CRS 052291

STATE OF NORTH CAROLINA

v.

BRENT ALLEN DINGESS, Defendant.

Appeal by Defendant from judgment entered 9 October 2019 by Judge Joseph N. Crosswhite in Iredell County Superior Court. Heard in the Court of Appeals 22 September 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Ann Stone, for the State.*

*Mary McCullers Reece for defendant-appellant.*

MURPHY, Judge.

Where a defendant admits to the existence of an aggravating factor, the State must have provided the statutory 30-day notice of its intent to prove the aggravating factor. The trial court shall determine whether notice was provided or whether the defendant waived their right to such notice. Here, the State neither provided notice, nor did Defendant waive his right to notice. Accordingly, we set aside Defendant's aggravated range sentence. However, we hold the entirety of his plea agreement must also be vacated and remanded to the trial court for disposition.

## BACKGROUND

Defendant Brent Allen Dingess ("Defendant") was indicted for assault inflicting serious bodily injury resulting from an altercation with Ernest Mudd ("Mudd"). During the altercation, Defendant struck Mudd, causing him to fall and hit his head on an object on the ground. Responding officers found Mudd unconscious, convulsing, and bleeding from the ear. It was later determined Mudd suffered a fractured skull, mandibular condyle fracture, and subdural hematoma as a result of the altercation, leaving him with paralysis in his lower extremities and suffering from dementia. Mudd's injuries rendered him unable to perform his duties, and as a result, he lost his job as caretaker of a mobile home park. Mudd and his wife were evicted from the mobile home provided as part of his compensation, resulting in their living out of their car.

At his plea hearing, Defendant pled guilty to a Class F felony. The trial court determined an aggravating factor existed as a result of Defendant's violation of probation, sentencing him to an active term of 23 to 37 months as a Level II offender. Defendant timely filed written notice of appeal.

## ANALYSIS

### A. Waiver of Notice

Defendant argues the trial court erred in accepting his admission to the aggravating factor without first confirming he intended to waive the required statutory notice by the State. We agree.

"Alleged statutory errors are questions of law, and as such, are reviewed *de novo.*" *State v. Mackey,* 209 N.C. App. 116, 120, 708 S.E.2d 719, 721 (2011) (internal citation omitted). Our statutes plainly lay out what is required by the State and trial court when a defendant admits to the existence of an aggravating factor:

> The defendant may admit to the existence of an aggravating factor, and the factor so admitted shall be treated as though it were found by a jury pursuant to the procedures in this subsection. *Admissions of the existence of an aggravating factor must be consistent with the provisions of [N.C.]G.S. 15A-1022.1.* If the defendant does not so admit, only a jury may determine if an aggravating factor is present in an offense.

N.C.G.S. § 15A-1340.16(a1) (2019) (emphasis added). Additionally:

> (a) Before accepting a plea of guilty or no contest to a felony, the court shall determine whether the State intends to seek a sentence in the aggravated range. If the State does intend to seek an aggravated sentence, the court shall determine which factors the State seeks to establish. The court shall determine whether the State seeks a finding that a prior record level point should be found under [N.C.]G.S. 15A-1340.14(b)(7). *The court shall also determine whether the State has provided the notice to the defendant required by [N.C.]G.S. 15A-1340.16(a6) or whether the defendant has waived his or her right to such notice.*
>
> (b) In all cases in which a defendant admits to the existence of an aggravating factor or to a finding that a prior record

level point should be found under [N.C.]G.S. 15A-1340.14(b)(7), the court shall comply with the provisions of [N.C.]G.S. 15A-1022(a). In addition, the court shall address the defendant personally and advise the defendant that:

      (1) He or she is entitled to have a jury determine the existence of any aggravating factors or points under [N.C.]G.S. 15A-1340.14(b)(7); and

      (2) He or she has the right to prove the existence of any mitigating factors at a sentencing hearing before the sentencing judge.

. . .

(e) The procedures specified in this Article for the handling of pleas of guilty are applicable to the handling of admissions to aggravating factors and prior record points under [N.C.]G.S. 15A-1340.14(b)(7), unless the context clearly indicates that they are inappropriate.

N.C.G.S. §§ 15A-1022.1(a)(b)(e) (2019) (emphasis added). N.C.G.S. § 15A-1340.16(a6)

provides:

The State *must* provide a defendant with written notice of its intent to prove the existence of one or more aggravating factors under subsection (d) of this section or a prior record level point under [N.C.]G.S. 15A–1340.14(b)(7) at least 30 days before trial or the entry of a guilty or no contest plea. A defendant may waive the right to receive such notice. The notice shall list all the aggravating factors the State seeks to establish.

N.C.G.S. § 15A-1340.16(a6) (2019) (emphasis added).

At his hearing, Defendant admitted to the existence of an aggravating factor:

[DEFENSE COUNSEL]: . . . [H]e agrees that he was in violation of federal probation and finished his time.

> THE COURT: And for our purposes, you understand that's an aggravating factor in this case?
>
> [DEFENDANT]: Yes, sir.
>
> THE COURT: And you are admitting to that, right?
>
> [DEFENDANT]: Yes, sir.

As such an admission is controlled by N.C.G.S. § 15A-1022.1, and by implication N.C.G.S. § 15A-1340.16(a6), we examine the Record to determine whether the statutory requirements for accepting Defendant's admission to the aggravating factor were met. N.C.G.S. § 15A-1022.1(a) (2019); N.C.G.S. § 15A-1340.16(a1) (2019).

On appeal, neither party contends the State provided Defendant with written notice of its intent to prove the existence of the aggravating factor at least 30 days prior to trial, as required by N.C.G.S. § 15A-1340.16(a6). Additionally, there is no evidence in the Record to show the State provided Defendant with the required notice. We must then determine whether, in the alternative, the trial court determined Defendant waived his right to receive such notice. N.C.G.S. § 15A-1022.1(a) (2019).

In *State v. Wright,* the defendant was provided notice of the State's intent to prove the aggravating factor only twenty days prior to trial instead of the required thirty. *State v. Wright*, 265 N.C. App. 354, 361, 826 S.E.2d 833, 838 (2019). Nevertheless, we found the "defendant and his counsel had sufficient information to

give an 'intentional relinquishment of a known right[,]'" as evidenced by this

exchange:

> THE COURT: The jury having returned verdicts of guilty
> in Case No. 16CRS13374, 16CRS13373, counts one and
> two, and 16CRS13375. The State having announced to the
> [c]ourt that it intends to proceed on aggravating factors in
> this matter, which is a jury matter. The district attorney
> has indicated to the [c]ourt that in conference with the
> defense counsel, that the [d]efendant would stipulate to
> aggravating factors; is that correct? What says the State?
>
> [STATE:] I do intend to proceed with aggravating factors.
> I did have a discussion with [Defense Counsel] and
> indicated his intent was to stipulate to the one aggravating
> factor that I intended to offer, which was from the AOC
> form is Factor 12A, that the [d]efendant has during the ten-
> year period prior to the commission of the offense for which
> the [d]efendant is being sentenced been found by a court of
> this state to be in willful violation of the conditions of
> probation imposed pursuant to a suspended sentence.
>
> THE COURT: All right. Would you -- is that correct?
>
> [DEFENSE COUNSEL]: *That is correct, Your Honor. I've*
> *been provided the proper notice and seen the appropriate*
> *documents, Your Honor.*

*Wright*, 265 N.C. App. at 358, 826 S.E.2d at 836-37. The defendant in *Wright*

unequivocally waived his right to have a jury determine the existence of the

aggravating factor:

> THE COURT: Do you now waive your right to a -- to have
> the jury determine the aggravating factor?
>
> (Discussion held off the record.)
>
> DEFENDANT: Yes, sir. I'm ready to proceed.

> THE COURT: And do you waive the right to have the jury determine the aggravating factor and do you stipulate to the aggravating factor?
>
> DEFENDANT: Yes, sir.

*Id.* at 359-60, 826 S.E.2d at 837. We concluded (1) the defendant's "knowing and intelligent" waiver of the right to have a jury determine the aggravating factor; (2) his stipulation to said factor; and (3) prior notice given by the State all supported a finding the defendant waived notice of the State's intent to prove the existence of the aggravating factor. *Id.* at 361, 826 S.E.2d at 838.

Here, those factors are not present. As stated previously, (1) the Record gives no indication the State provided Defendant with notice of its intent to prove the existence of the aggravating factor, as required by N.C.G.S. § 15A-1340.16(a6), prior to the 30-day timeframe or otherwise. N.C.G.S. § 15A-1340.16(a6) (2019). As a result, Defendant did not enjoy the same level of "sufficient information to give an 'intentional relinquishment'" of his right to notice, as was true of the defendant in *Wright*. *Wright*, 265 N.C. App. at 361, 826 S.E.2d at 838. Further, (2) while the trial court did inquire as to whether Defendant waived his right to notice, Defendant never directly answered the question:

> THE COURT: Have you admitted to the existence of the following aggravating factors: That being that within 10 years of the date of this offense you were in violation of the terms of your probation, and do you understand that you

- 7 -

are waiving any notice the State may have with regard to that aggravating factor?

[DEFENSE COUNSEL]: Your Honor, just did speak with Mr. D.A. He was on federal probation. He was violated and he served time, and I believe that's what Mr. D.A. was referring to.

THE COURT: Is that correct, Mr. D.A.?

[STATE]: Yes, that would be one of them. I think it was something out of state court also.

[DEFENSE COUNSEL]: But he completed the state probation, but he agrees that he was in violation of federal probation and finished his time.

THE COURT: And for our purposes, you understand that's an aggravating factor in this case?

[DEFENDANT]: Yes, sir.

A thorough examination of the transcript reveals the trial court did not revisit the subject and therefore never obtained a clear answer as to whether Defendant waived his statutory right to notice, under N.C.G.S. § 15A-1022.1(a). N.C.G.S. § 15A-1022.1(a) (2019). And (3), although not required by statute, Defendant also never waived his right to a jury trial on the factor, further distinguishing him from the defendant in *Wright*:

THE COURT: Understand you have a right to plead not guilty and be tried by a jury?

THE DEFENDANT: Yes, sir.

. . .

> THE COURT: Do you understand at a jury trial you have the right to have a jury determine the existence of any aggravating factors that may apply to your case?
>
> THE DEFENDANT: Yes, sir.

While here Defendant reiterated his understanding of his right to a jury trial, he did not explicitly waive it, as opposed to the defendant in *Wright*. *Wright*, 265 N.C. App. at 359-60, 826 S.E.2d at 837. Rather, the circumstances here most resemble *State v. Snelling*, where we determined the trial court committed error as it was

> never determined whether the statutory requirements of N.C.[G.S.] § 15A–1340.16(a6) were met. Additionally, there is no evidence in the record to show that the State provided sufficient notice of its intent to prove the probation point. Moreover, the record does not indicate that [the] defendant waived his right to receive such notice.

*State v. Snelling*, 231 N.C. App. 676, 682, 752 S.E.2d 739, 744 (2014).

The language of N.C.G.S. §§ 15A-1340.16(a6) and 15A-1022.1(a) is clear: "[t]he State *must* provide a defendant with written notice of its intent to prove the existence of one or more aggravating factors," and "[t]he [trial] court *shall* also determine whether the State has provided the notice to the defendant . . . or whether the defendant has waived his or her right to such notice." N.C.G.S. § 15A-1340.16(a6) (2019) (emphasis added); N.C.G.S. § 15A-1022.1(a) (2019) (emphasis added). As Defendant did not receive prior notice of the State's intent to prove the existence of the aggravating factor, nor did he waive his right to such notice, we find the trial court's conclusion "[t]he State has provided [Defendant] with appropriate notices to

the aggravating factors, and [Defendant] has waived notice to those aggravating factors" to be in error.

## B. Remedy

Defendant requests we vacate and remand for a new sentencing hearing. However, a "[d]efendant cannot repudiate [a plea agreement] in part without repudiating the whole." *State v. Rico*, 218 N.C. App. 109, 122, 720 S.E.2d 801, 809 (Steelman, J., dissenting in part), *rev'd for reasons stated in dissent*, 366 N.C. 327, 734 S.E.2d 571 (2012). As part of his plea agreement with the State, Defendant agreed to admit to the existence of the aggravating factor, opening up the possibility of receiving a sentence in the aggravated range. Defendant now seeks to have the benefit of the plea agreement without living up to his end of the bargain, which originally included the possibility of an aggravated sentence.

> In the instant case, essential and fundamental terms of the plea agreement were unfulfillable. Defendant has elected to repudiate a portion of his agreement. Defendant cannot repudiate in part without repudiating the whole. . . . The entire plea agreement must be set aside, and this case remanded to the Superior Court of [Iredell] County for disposition on the original charge of [assault inflicting serious bodily injury].

*Id.* (internal citation omitted).

## CONCLUSION

The trial court erred in determining Defendant was provided with and waived his right to notice of the State's intent to prove the existence of the aggravating factor.

As we are setting aside part of Defendant's plea agreement, we accordingly vacate the agreement in its entirety and remand for disposition.

VACATED AND REMANDED.

Judge DIETZ concurs.

Judge TYSON concurs in result only, with separate opinion.

No. COA 20-188 – *State v. Dingess*

TYSON, Judge, concurring in the result.

I concur in the result reached by the majority's opinion. The aggravating factor the State proceeded upon at sentencing, and to which Defendant's counsel agreed, was neither alleged in an indictment nor an information. The enhanced sentence, entered beyond the presumptive range, constitutes prejudicial error to vacate Defendant's sentence.

I concur with that portion of the majority's analysis that a "Defendant cannot repudiate [a plea agreement] in part without repudiating the whole." *State v. Rico*, 218 N.C. App. 109, 122, 720 S.E.2d 801, 809 (Steelman, J., dissenting in part), *rev'd for reasons stated in dissent*, 366 N.C. 327, 734 S.E.2d 571 (2012). I vote to vacate the sentence and remand for trial on the following basis.

## I. N.C. Gen. Stat. § 15A-1022.1

The Due Process Clause of the Fifth Amendment and the notice and jury trial protections of the Sixth Amendment, applicable to the states, guarantee that "[a]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476, 147 L. Ed. 2d 435, 446 (2000) (citations omitted). The North Carolina General Assembly codified these protections within N.C. Gen. Stat. § 15A-1340.16 (2019).

*TYSON, J., concurring in the result.*

The Supreme Court of the United States applied *Apprendi's* requirements to the sentencing phase following a guilty plea in *Blakely v. Washington.* 542 U.S. 296, 305, 159 L. Ed. 2d 403, 414 (2004).

North Carolina's statutes codify and expand *Blakely's* protections in N.C. Gen. Stat. § 15A-1022.1 (a)-(e), which provide:

> (a) Before accepting a plea of guilty or no contest to a felony, the court shall determine whether the State intends to seek a sentence in the aggravated range. If the State does intend to seek an aggravated sentence, the court shall determine which factors the State seeks to establish. The court shall determine whether the State seeks a finding that a prior record level point should be found under G.S. 15A-1340.14(b)(7). *The court shall also determine* whether the State has provided the notice to the defendant required by G.S. 15A-1340.16(a6) or *whether the defendant has waived his or her right to such notice.*
>
> (b) *In all cases in which a defendant admits to the existence of an aggravating factor* or to a finding that a prior record level point should be found under G.S. 15A-1340.14(b)(7), *the court shall comply* with the provisions of G.S. 15A-1022(a). *In addition, the court shall address the defendant personally and advise the defendant that*:
>     (1) He or she is entitled to have a jury determine the existence of any aggravating factors or points under G.S. 15A-1340.14(b)(7); and
>     (2) He or she has the right to prove the existence of any mitigating factors at a sentencing hearing before the sentencing judge.
>
> (c) Before accepting an admission to the existence of an aggravating factor or a prior record level point under G.S. 15A-1340.14(b)(7), *the court shall determine* that there is a factual basis for the admission, and that the admission is the result of an informed choice by the defendant. The court

2

may base its determination on the factors specified in G.S. 15A-1022(c), as well as any other appropriate information.

(d) *A defendant may admit to the existence of an aggravating factor* or to the existence of a prior record level point under G.S. 15A-1340.14(b)(7) *before or after the trial of the underlying felony.*

(e) *The procedures* specified in this Article for the handling of pleas of guilty *are applicable to the handling of admissions to aggravating factors* and prior record points under G.S. 15A-1340.14(b)(7), unless the context clearly indicates that they are inappropriate.

N.C. Gen. Stat. § 15A-1022.1 (a)-(e) (2019) (emphasis supplied).

Our General Assembly extended *Blakely's* protections to the admission of aggravating factors or prior record level points, even in the absence of an underlying guilty plea. *See id.* The transcript shows the trial court failed to address Defendant personally.

This Court has interpreted N.C. Gen. Stat. § 15A-1022.1 to "require[] a trial court to inform a defendant of his or her right to have a jury determine the existence of an aggravating factor, and the right to prove the existence of any mitigating factor." *State v. Wilson-Angeles*, 251 N.C. App. 886, 902, 795 S.E.2d 657, 669 (2017) (citation omitted).

Unlike the requirements of N.C. Gen. Stat. § 15A-1340.16(a1) cited by the majority's opinion, the trial court's failure to inquire personally into a knowing and voluntarily waiver of Defendant's rights prejudiced Defendant. Under subsections (c)

3

and (d), we must reconcile the express statutory language that: "A defendant may admit to the existence of an aggravating factor . . . *before or after the trial of the underlying felony*" with "Before accepting an admission to the existence of an aggravating factor . . . , the court shall determine that there is a factual basis for the admission, and that the admission is the result of an informed choice by the defendant." N.C. Gen. Stat. § 15A-1022.1 (c), (d) (emphasis supplied).

## A. Canons of Construction

"The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citation omitted). "The best indicia of that intent are the [plain meanings of the] language of the statute . . ., the spirit of the act and what the act seeks to accomplish." *Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted).

"When construing legislative provisions, this Court looks first to the plain meaning of the words of the statute itself." *State v. Ward*, 364 N.C. 157, 160, 694 S.E.2d 729, 731 (2010). "Interpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible." *Taylor v. Robinson*, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291 (1998) (citation, internal quotation marks, and ellipses omitted).

*TYSON, J., concurring in the result.*

"'[S]tatutes *in pari materia* must be read in context with each other.'" *Publishing v. Hospital System, Inc.*, 55 N.C. App. 1, 7, 284 S.E.2d 542, 546 (1981) (quoting *Cedar Creek Enters. Inc. v. Dep't of Motor Vehicles*, 290 N.C. 450, 454, 226 S.E.2d 336, 338 (1976)). "'*In pari materia*' is defined as '[u]pon the same matter or subject.'" *Id.* at 7-8, 284 S.E.2d at 546 (quoting Black's Law Dictionary 898 (4th ed. 1968)).

My review of relevant case and statutory authority fails to disclose any authority interpreting N.C. Gen. Stat. § 15A-1022.1(d) as nullifying a defendant's admission under N.C. Gen. Stat. § 15A-1022.1(c). Reconciling both statutory subsections with *Blakely* and *Apprendi*, a defendant can both waive prior notice and admit to the presence and applicability of an aggravating factor or prior record level both before and after the guilt-innocence phase after being provided the applicable protections of N.C. Gen. Stat. § 15A-1022.1(a)-(c), *Blakely*, and *Apprendi*. These protections are: "that there is a factual basis for the admission, and that the admission is the result of an informed choice by the defendant." N.C. Gen. Stat. § 15A-1022.1(c). Generally, these protections must be personally addressed to and waived by the defendant. *Id.*

## II. Conclusion

The indictment failed to allege and the State never proved the aggravating factor, as is required by *Apprendi, Blakely,* and N.C. Gen. Stat. § 15A-1340.16(a1).

*TYSON, J., concurring in the result.*

Upon remand, N.C. Gen. Stat. § 15A-1022.1(a)-(e) sets out the procedures for the disposition for resentencing, not N.C. Gen. Stat. § 15A-1340.16(a1).

This waiver allowed the court to exceed the presumptive range and impose the maximum aggravated sentence and constitutes prejudice. The sentence is properly vacated. *See Rico*, 218 N.C. App. at 122, 720 S.E.2d at 809 (Steelman, J., dissenting in part), *rev'd for reasons stated in dissent*, 366 N.C. 327, 734 S.E.2d 571. Upon remand, a "Defendant cannot repudiate [a plea agreement] in part without repudiating the whole." *Id.*

The State is free to pursue any charges and aggravating factors applicable in the case in compliance with the statutes, without regard to the vacated plea agreement. *Id.*

I concur in the result to remand to the trial court for a new trial or for entry of a plea agreement that follows the statutes. N.C. Gen. Stat. § 15A-1022.1(a)-(e).